**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

SEAN ANTONIO BRINKLEY, #320544,

        Petitioner,

v.                                       ACTION NO.
                                       2:04cv420

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

        Petitioner Sean Antonio Brinkley ("Brinkley") was convicted in the Eastern District of

Virginia on August 9, 2001 of one count of wire fraud (2:00cr184), and three counts of mail fraud

(2:01cr114).  Brinkley was sentenced to 37 months imprisonment on each count, with each sentence

to run concurrently.

        In 2000 and 2001, Brinkley was also convicted in Richmond Circuit Court, Virginia Beach

Circuit Court, and Norfolk Circuit Court of uttering bad checks, forgery, fraud, failure to appear, and perjury, and was sentenced to a total of 2 years, 9 months, and 30 days to run consecutively with his federal sentences.

Brinkley filed a petition for writ of habeas corpus with the Virginia Supreme Court on July 29, 2003 alleging he had not received all of the jail credit days to which he was entitled. The petition was denied on April 6, 2004 on the merits.

Brinkley, presently in the custody of the Virginia Department of Corrections at the Coffeewood Correctional Center in Mitchells, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 15, 2004. On October 25, 2004, respondent filed a Motion to Dismiss with a brief and affidavit in support. Brinkley filed a response to the Motion to Dismiss on February 15, 2005.

## B. Grounds Alleged

Brinkley asserts he is entitled to relief under 28 U.S.C. § 2254 because the Virginia Department of Corrections is in violation of the Norfolk Circuit Court sentencing order for failing to credit him with the proper number of pretrial jail credit days. Specifically, Brinkley asserts he has not received credit for the time periods March 3, 2000 through June 24, 2000 and January 18, 2001 through May 15, 2003.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the

"essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Brinkley's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore Brinkley's claims meet the exhaustion requirement.

## B. Merits

          Brinkley previously asserted his claim to the Virginia Supreme Court in his petition for writ of habeas corpus. Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[1] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

-------

[1]          The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1509, 146 L.Ed.2d 389 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Supreme Court of Virginia, on April 6, 2004, decided Brinkley's petition for appeal on the merits. The Supreme Court of Virginia thoroughly considered Brinkley's claims reflected in his petition for appeal. Accordingly, this Court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless one of the two statutory exceptions applies. Here, there is no indication from the record that the adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this Court recommends denial of Brinkley's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Brinkley's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Brinkley's petition should be DENIED because it was previously adjudicated by the Supreme Court of Virginia on the merits and none of the statutory exceptions apply that would allow this Court to review the claim on the merits.

Brinkley's request for an evidentiary hearing is hereby DENIED.

Brinkley has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140, 106 S.Ct.  466,

8 L.Ed.2d 435 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019

(1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).


/s/

                                      Tommy E. Miller
                                        United States Magistrate Judge

Norfolk, Virginia

April 5, 2005


**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:


Sean Antonio Brinkley, #320544
Coffeewood Correctional Center
P.O. Box 500
Mitchells, VA 22729-8784


Noelle L. Shaw-Bell, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


                                      Elizabeth H. Paret, Clerk


                          By _____

                                   Deputy Clerk

                                   April    , 2005

6